UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JONATHAN RIVERA,

                        Plaintiff,                    20 Civ. 8444 (AEK)

        -against-                     **DECISION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J**[1]

Currently before the Court is Plaintiff Jonathan Rivera's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 32.  For the reasons set forth below, the motion for attorney's fees is GRANTED.

## BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income with the Social Security Administration ("SSA") in August 2018, claiming a disability onset date of March 7, 2018.  AR 186-92, 193-99.[2]  The SSA denied Plaintiff's claims for benefits on October 15, 2018.  AR 91-100, 101-10.  Plaintiff appealed by requesting a hearing before an administrative law judge ("ALJ"), AR 129-30, and participated in a hearing before ALJ Lori Romeo on September 18, 2019, AR 40-90.  ALJ Romeo issued a decision on

---

[1] On July 21, 2021, the parties consented to the referral of this matter to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), and the case was reassigned to Magistrate Judge Paul E. Davison.  This matter was reassigned to the undersigned on May 31, 2024 following Magistrate Judge Davison's retirement.

[2] Citations to "AR" refer to the certified copy of the administrative record filed by the Commissioner of Social Security (the "Commissioner").  ECF No. 19.

December 26, 2019 finding that Plaintiff was not entitled to benefits. AR 15-31. On August 12, 2020, the SSA's Appeals Council denied Plaintiff's request for review of the ALJ's decision. AR 1-6.

On October 1, 2020, Plaintiff retained attorney Howard D. Olinsky to litigate his appeal of the SSA's denial of his applications for benefits in federal court. ECF No. 33 (Affirmation in Support of Motion for Attorney's Fees ("Olinsky Aff.")) ¶ 3; Olinsky Aff. Ex. A ("Fee Agreement"). Pursuant to the Fee Agreement executed by Plaintiff and counsel, Plaintiff agreed to pay Mr. Olinsky up to 25 percent of any award of past-due benefits he received as a result of a remand to the SSA following a successful federal court appeal. *See id.*

Plaintiff filed his complaint in this action on October 9, 2020. ECF No. 1. The Commissioner filed the administrative record on June 1, 2021, ECF No. 19, and Plaintiff filed his motion for judgment on the pleadings, along with a supporting memorandum of law, on October 1, 2021, ECF Nos. 22, 23. The parties then filed a proposed stipulation to remand the case back to the SSA on November 24, 2021, ECF No. 24, and the stipulation was approved by Magistrate Judge Davison on November 29, 2021, ECF No. 25. On February 24, 2022, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 24 U.S.C. § 2412 ("EAJA"), ECF No. 28, and on March 10, 2022, Magistrate Judge Davison so-ordered the parties stipulation providing for a payment of $5,270.55 in attorney's fees , ECF No. 31.

On May 25, 2024, the SSA issued a Notice of Award ("NOA"), notifying Plaintiff that he was entitled to benefits beginning in September 2018, and that he was owed $91,706.70 in past due benefits for the period from September 2018 through April 2024. Olinsky Aff. ¶ 4; Olinsky Aff. Ex. B (NOA) at 1-3. The NOA also informed Plaintiff that the SSA had withheld

$22,926.68—25 percent of his past-due benefits—in case the agency had to pay his representative's fee.  NOA at 3.

The instant motion requesting $15,726.68 in attorney's fees was filed by Mr. Olinsky on May 30, 2024.  ECF No. 32; Olinsky Aff. ¶ 7.  Mr. Olinsky's supporting affidavit states that the agency level representative's fee agreement was approved in the amount of $7,200.  Olinsky Aff. ¶ 6.  The affidavit also states that "[s]hould the Court award a § 406(b) fee in excess of the EAJA award, Plaintiff will be refunded the EAJA [fees] previously paid . . . ."³  Olinsky Aff. ¶ 8.

On June 12, 2024, the Commissioner filed a response to Mr. Olinsky's motion in his limited role "'resembling that of a trustee for the claimant[].'"  ECF No. 34 at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).  The Commissioner did not take a specific position with respect to the fee request.  *Id.*  ("Defendant neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b).").

On November 1, 2024, the Court directed Mr. Olinsky to provide additional information relevant to the motion, ECF No. 35, and Mr. Olinsky filed a supplemental affidavit on November 6, 2024, ECF No. 36 ("Suppl. Aff.").

## DISCUSSION

**I.    Legal Standard**

"Three statutes authorize attorney's fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b)

---

³ The affidavit states that Mr. Olinsky was paid $5,253.30 in EAJA fees, and further declares, without citation to any legal authority, that "[e]xpenses are not refundable."  Olinsky Aff. ¶ 8.  The signed stipulation and order at ECF No. 31, however, indicates that Plaintiff was to be paid $5,270.55 "in attorney's fees pursuant to the [EAJA]," with no reference to any payment for expenses.  Accordingly, the Court considers the full EAJA payment of $5,270.55 to be a payment for attorney's fees.

compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'" *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).  Pursuant to § 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

## II.     Analysis

### A.     Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fee applications under 42 U.S.C. § 406(b); the filing period runs from the date on which the NOA is received, and the period also may be subject to equitable tolling.  932 F.3d 83, 85 (2d Cir. 2019).  Here, the NOA is dated May 25, 2024, and the motion for attorney's fees was filed five days later on May 30, 2024.  Accordingly, the motion was timely filed.

### B.     Reasonableness of Fee Award

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).  "'[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement

4

only when it finds the amount to be unreasonable.'" *Id.* at 852-53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingency fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021) (citing *Wells*, 907 F.2d at 371).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, the requested fee does not exceed the 25 percent cap, and there is no evidence or suggestion of fraud or overreaching in making the Fee Agreement.[4] *See* Olinsky Aff. ¶¶ 4-7; Fee Agreement.

The Court turns next to the reasonableness factors. First, the requested fee is in line with the character of the representation and results achieved. Mr. Olinsky filed this action, was able to secure the Commissioner's agreement to remand the case to the SSA for further proceedings

---

[4] Taken together, the previously-approved fee of $7,200 for Plaintiff's agency-level representative, plus Mr. Olinsky's requested fee, is equal to 25 percent of Plaintiff's past-due benefits.

5

after filing a motion for judgment on the pleadings, *see* ECF No. 25, and after remand, the SSA found that Plaintiff was entitled to benefits, *see* Olinsky Aff. ¶ 9; *see, e.g.*, *Shrack v. Saul*, No. 16- cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where the plaintiff sought and obtained a remand to the SSA, and "the plaintiff received a fully favorable result upon remand," the fee was in line with character of representation and results achieved).

Second, Plaintiff's counsel did not cause any unreasonable delay in this action. Though Mr. Olinsky did request one 60-day extension of time to file Plaintiff's motion for judgment on the pleadings, he provided a valid justification for the application, *see* ECF No. 20, and there is no reason to believe that the extension was due to any lack of diligence. In fact, Mr. Olinsky filed Plaintiff's motion one month *before* the extended deadline set by Magistrate Judge Davison. *See* ECF No. 21. After Plaintiff's motion was filed, the case was remanded without the need for any further motion practice.

Third, with respect to the "windfall" factor, counsel's requested fee of $15,726.68 is not inappropriately large in light of the 21.6 hours of attorney time that Mr. Olinsky's firm devoted to this case and the successful result that was achieved.[5] *See* Olinsky Aff. ¶¶ 4, 9-10; Olinsky Aff. Exs. C-E ("Billing Records"). For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

---

[5] Mr. Olinsky notes that paralegals performed seven of the 28.6 hours of work reflected in the billing records. Olinksy Aff. ¶ 10. For simplicity, the Court will not consider the paralegal time as part of the attorney's fee analysis.

Mr. Olinsky has focused his practice on Social Security disability law for over 30 years, and his firm has handled over 6,000 Social Security appeals in federal courts. Suppl. Aff. at 1. In this case, attorneys supervised by Mr. Olinsky spent "16 hours reviewing the 757-page administrative record and drafting [Plaintiff's] 22-page brief," Suppl. Aff. at 2, and Mr. Olinsky spent "4 hours reviewing the work of the briefing attorney, monitoring the case, and communicating with opposing counsel." *Id.* This work resulted in the Commissioner's offer of a voluntary remand in November 2021. *Id.* Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022). The hours worked on this case by Mr. Olinksy and his firm fall at the low end of this range, reflecting counsel's years of experience and efficiency. Additionally, this Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of counsel's representation. Indeed, Plaintiff was awarded $91,706.70 in past due benefits and was found eligible to receive $1,364.00 per month beginning in June 2024. NOA at 2, 3; *see Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request). Moreover, "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do"; accordingly, when operating with a contingency agreement like the one at issue here, "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Fields*, 24 F.4th at 855-56 (cleaned up). The award amount sought here appropriately reflects this risk.

Turning to the *de facto* rate—which is not dispositive, *see id.* at 854—counsel would effectively be compensated here at a rate of approximately $728.09 per hour ($15,726.68 for

7

21.6 hours of attorney time). This rate is well within the range of *de facto* hourly rates approved by courts within this Circuit, and is substantially less than the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields*. *See id.* at 854-57. Accordingly, the Court finds that Mr. Olinsky's requested fee award of $15,726.68 is reasonable.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees (ECF No. 31) is GRANTED, and Mr. Olinsky is awarded $15,726.68, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy. Upon receipt of the award addressed in this Decision and Order, Mr. Olinsky is directed to promptly refund to Plaintiff $5,270.55, which represents the full amount EAJA fees that counsel previously received.

Dated: November 13, 2024
         White Plains, New York

                                                            **SO ORDERED.**

                                                            _____
                                                            ANDREW E. KRAUSE
                                                            United States Magistrate Judge